IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY C. HUCKABEE,

    Petitioner,                    No. CIV. S-08-2092 LKK EFB P

    vs.

CLARK,

    Respondent.                  FINDINGS AND RECOMMENDATIONS
_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court are respondent's motion to dismiss on various grounds, and petitioner's motion to stay the action until the Ninth Circuit rules on his request for permission to file a second or successive petition. As explained below, petitioner's claims are not cognizable under § 2254. Respondent's motion to dismiss must be granted, and petitioner's motion to stay must be denied.

    On January 13, 1998, petitioner was sentenced in the El Dorado County Superior Court to state prison for a term of 55 years to life, and was fined a total of $2,300 in restitution. Resp.'s Mot. to Dism., Docs Lodged in Supp. Thereof ("Lodg. Doc."), 1. Between 2001 and 2008, petitioner filed six petitions for post-conviction relief in California courts. Lodg. Doc. 5-16. Petitioner filed a habeas petition in this court on July 5, 2001, which was denied on the

merits on August 10, 2006. Lodg. Docs. 17, 19. Petitioner filed the instant habeas petition on August 31, 2008, in which he asks the court to decrease the amount of the restitution that he owes.[1] Pet. at 8, 16.

Respondent contends that the petition should be dismissed as it is second or successive and untimely, petitioner is not "in custody" with respect to his first two claims, and petitioner's third claim does not state a cognizable federal claim. Resp.'s Mot. to Dism. at 1. Respondent distinguishes between petitioner's first two claims, that he was indigent at the time of trial and never received a hearing regarding his ability to pay restitution, and his third claim, that California courts deliberately delayed processing his appeals so that his subsequent petitions would be time barred. *See* Pet. at 6, 8, 9. But the only relief petitioner requests is that the amount of restitution that he owes be decreased. *See* Pet. at 16. Thus, as explained below, his claims are not cognizable under § 2254.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). Habeas relief under 2254 is appropriate only for state prisoners who challenge the legality of their custody and seek immediate or early release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner does not ask to be released. Pet'r's Opp'n at 5. Instead, he asks that the court lower the amount of restitution that he must pay. Since this claim is not cognizable, his petition must be denied. *See Moore v. Nelson*, 270 F.3d 789, 792 (9th Cir. 2001) (imposition of a fine does not constitute custody for purposes of habeas corpus review).

In light of the above, it is unnecessary for the court to address the other bases for denial raised by respondent, or address petitioner's motion to stay.

---

[1] The court gives petitioner the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988) (federal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court).

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's July 14, 2009 motion to dismiss be granted;

2. Petitioner's September 28, 2009 motion to stay be denied; and

3. This action be dismissed on the ground that the petition is not cognizable under 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If petitioner files objections to the findings and recommendations, he may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated: January 28, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3